IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

                            No.    1:11-cr-00076-JAP

RICHARD WICKENS,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

On March 17, 2011, Defendant Richard Wickens filed four motions that relate to discovery in this case. The Government filed an omnibus Response that addressed all four of Wickens' Motions, and Wickens filed a separate Reply for each of the four motions. In order to conserve judicial resources, the Court will address all four of Wickens' motions in one opinion. As the Court explains in more detail below, the Court concludes that each of Wickens' motions should be denied.

**A. Giglio Motion**

On March 17, 2011 Wickens filed a Motion Under Giglio for Disclosure of Information Concerning Inducements, Incentives, Compensation or Other Assistance Provided to Government Witnesses, as well as all Information Necessary to Effectively Cross-Examine Government Witnesses (Doc. No. 27) (Giglio Motion). The Government filed its Response (Doc. No. 35) on March 31, 2011 and Wickens filed his Reply (Doc. No. 46) on April 21, 2011.

In his *Giglio* Motion, Wickens asks the Court to issue an order compelling the Government to comply with its obligations under *Giglio*. Wickens also requests that the Court conduct an in camera review of any materials that are not provided to Wickens to ensure that the

1

Government is not withholding any *Giglio* material. In its Response, the Government notes that the Court's Discovery Order (Doc. No. 7) already requires the Government to "make available to the Defendant by the time required by the applicable law all material for which disclosure is mandated by *Brady* . . . *Giglio* . . . and by the Jencks Act, 18 U.S.C. Section 3500, and Rules 12(I) and 26.2." The Government also notes that it is aware of its obligations under *Brady* and *Giglio* and that it has and will continue to comply with its obligations. The Government further argues that because *Giglio* only applies to witnesses who are called to testify, and because the Government has not made any final decisions as to the witnesses it will call, the Government is not yet required to produce any *Giglio* material. In his Reply, Wickens notes that the Government is required to produce *Brady* material before it is too late for the defendant to make use of the evidence and therefore requests that the Government be ordered to produce all *Brady* or *Giglio* material sixty days before trial.

The Court notes that on June 27, 2011 the Court entered a new scheduling order that requires the Government to provide Wickens with all *Giglio* material by October 3, 2011—a little more than one month before the November 7, 2011 trial setting in this case. *See* Scheduling Order (Doc. No. 60). Because the parties agreed on this date for disclosure, it appears that Wickens' request that the Government disclose *Giglio* material sixty days in advance of trial is moot. To the extent that Wickens' request is not moot, Wickens has not provided any authority for his assertion that the Government should be required to provide *Giglio* materials within sixty days of trial and the Court concludes that the Government's obligation to provide Wickens with *Giglio* material more than thirty days prior to trial will sufficiently protect Wickens' ability to make use of those materials. With respect to Wickens' request that the Government also disclose *Brady* material sixty-days prior to trial, the Court

notes that the Government is under a pre-existing obligation to produce *Brady* material sufficiently in advance of trial that Wickens can make use of that material.  Thus, the Court will deny Wickens' *Giglio* Motion.

**B. Expert Opinion Motion**

On March 17, 2011 Wickens filed a Motion for Discovery of Records or Reports and Facts or Data Underlying Expert Opinions (Doc. No. 29) (Expert Opinion Motion).  The Government filed its Response on March 31, 2011 (Doc. No. 35) and Wickens filed his Reply on April 21, 2011 (Doc. No. 43).  In his Expert Opinion Motion, Wickens asks the Court to issue an order requiring the Government to provide Wickens with all materials that the Government's expert witness relied on in forming opinions related to this case. Wickens notes that the Advisory Committee Notes to Fed. R. Evid. 705 assume that a civil-litigant will have had pre-trial access to the materials underlying an experts opinion and Wickens argues that if civil litigants are permitted pre-trial access to these materials, then a criminal defendant is entitled to similar access.  In support of his argument, Wickens cites a United States District Court, District of Utah opinion in which the Government was ordered to produced "documents which will be relied on or referred to in any way by any witness called by the government during its case in chief." *United States v. Countryside Farms*, 428 F.Supp. 1150, 1155 (D. Utah 1977).

In its Response, the Government argues that under the Federal Rules of Criminal Procedure, it is only required to give Wickens "a summary of any testimony that the Government intends to use under Rules 702, 703, or 705" and that the summary only has to "describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G).  The Government argues that nothing in the rule requires pre-trial disclosure of the raw facts and data underlying the expert's opinion.  In his

3

Reply, Wickens argues that while Rule 16(a)(1)(G) only requires the Government to provide a summary of the information that an expert witness will rely on, Rule 16(a)(1)(E) requires the Government to provide Wickens with "books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of these items, if the item is within the government's possession, custody, or control" and the item is either "material to preparing the defense" or "intended to be used in the Government's case-in-chief."

Rule 705 of the Federal Rules of Evidence expressly provides that an "expert may testify . . . without prior disclosure of the underlying facts or data, unless the court requires otherwise." However, "[t]he expert may, in any event, be required to disclose the underlying facts or data on cross-examination."  Thus, under the plain language of Rule 705, the Government is not required to disclose the underlying facts and data that will support its expert's testimony.  Because Wickens has failed to cite any authority for the proposition that, despite the plain language of Rule 705, the Government is required to disclose the facts and data underlying its expert's opinions, the Court concludes that Wickens' Expert Opinion Motion should be denied.

However, as Wickens points out, the Government is required under Rule 16(a)(1)(E) to "permit [Wickens] to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items" as long as the "item is material to preparing the defense" or "the government intends to use the item in its case-in-chief at trial."  With respect to any items that are material to Wickens' defense, the Government's obligations under *Brady v. Maryland* already require the Government to disclose those items.  Thus, to the extent that materials that the Government's expert witness relies on are material to the defense, the Government has a pre-existing obligation to disclose those materials to Wickens.  And, with respect to items that the government intends to use in its case-in-chief at

trial, the Government is already obligated to provide Wickens with a copy of those items.  This does not require the Government to provide Wickens with a copy of documents and data that an expert witness might rely on to form an opinion; it requires only that the Government provide Wickens with a copy of documents or data that will actually be used during trial.

**C. Field Notes Motion**

On March 17, 2011 Wickens filed a Motion for Preservation of "Rough Notes" and "Field Notes" (Doc. No. 30) (Field Notes Motion).  The Government filed its Response on March 31, 2011 and Wickens filed his Reply (Doc. No. 40) on April 21, 2011.  In his Field Notes Motion, Wickens contends that the FBI conducted numerous unrecorded interviews and that the only contemporaneous evidence of the statements made in these interviews is the handwritten notes made during or shortly after each interview.  Wickens argues that the notes may be discoverable under *Brady*, if they contain material exculpatory evidence, the *Jencks* Act, if they contain statements of the witness, and Rule 16(a)(1), if the notes contain any statements made by defendant.  Wickens requests both that the notes be preserved and that the notes be provided to Wickens sixty days before trial.  Wickens further requests that any notes that are not provided to him should be submitted to the Court for an in camera review.

In its Response, the Government asserts that it will preserve the notes but that it objects to providing them to Wickens or to the Court for an in camera review.  The Government argues that Wickens has failed to establish that any of the notes contain material information and has failed to establish, or even allege, that the Government has acted in bad faith by failing to disclose any information that it is obligated to provide to Wickens.  Thus, the Government contends that while it will provide any *Brady* material contained in the notes to Wickens, Wickens is not entitled to review all of the notes, or to have the Court conduct an in camera review, without first

establishing that *Brady* material actually exists in the notes. With respect to the *Jencks* Act, the Government notes that any *Jencks* material contained in the notes will be provided to Wickens if and when the witnesses testify. Finally, the Government agrees that it is obligated under Rule 16(a)(1) to provide Wickens with any notes that contain statements made by Wickens and contends that it will review the notes and provide Wickens with any Rule 16(a)(1) material in a timely manner.

In his Reply, Wickens acknowledges that the Government is under an existing obligation, according to the discovery order, to preserve these notes. Despite making this concession, Wickens again requests that the Court order the Government to preserve the notes and requests that the Court conduct an in camera review. Wickens does not, however, explain why an in camera review is necessary or why a 60 day deadline should be imposed. Because the Government has already been ordered to preserve the notes and because the Government has a preexisting obligation to provide Wickens with *Brady* and *Jencks* material, the Court will deny Wickens' Field Notes Motion. In the absence of any allegation that the Government has wrongfully withheld materials that it was required to disclose, an order compelling the Government to disclose materials or to provide the materials to the Court for an in camera review is unnecessary and premature.

**D. 404(b) Evidence Motion**

On March 17, 2011 Wickens filed a Motion for Disclosure of Prior Acts Evidence (Doc. No. 31) (404(b) Motion). The Government filed its Response on March 31, 2011 (Doc. No. 35) and Wickens filed a Reply (Doc. No. 45) on April 21, 2011. In his 404(b) Motion, Wickens asks the Court to order the Government to provide Wickens with any prior bad acts evidence the Government intends to introduce sixty days prior to trial. Wickens acknowledges that the rules

only require the Government to give "reasonable notice in advance of trial . . . of the general nature of any [prior bad acts] evidence [the Government ] intends to introduce at trial," Fed. R. Evid. 404(b), but argues that sixty days notice is reasonable in this case due to the complexity of the case, the fact that the underlying events occurred in 2005 and 2006 , and Wickens' desire to "draw out any deficiencies" in the Government's proposed Rule 404(b) evidence and file a motion in limine if necessary.

In its Response, the Government notes that the Court's Discovery Order only required five days advance notice of 404(b) evidence. The Government also contends that while the case itself is complicated, there is nothing to indicate that any 404(b) evidence will be any more complex or difficult to investigate than in a typical case. The Government further contends that both parties desire a firm trial setting and that they intend to meet in the near future to see if they can agree to a schedule for disclosure of 404(b) evidence. In his Reply, Wickens contends that while there is currently a five day disclosure order, there is no rule or law requiring such a short disclosure deadline and that there is nothing that prevents the Court from modifying that order and requiring the Government to disclose its 404(b) evidence further in advance of trial. Wickens, like the Government, notes that the parties intend to discuss some sort of scheduling agreement.

On June 27, 2011, by agreement of the parties, the Court entered a new scheduling order that requires disclosure of 404(b) evidence one-month prior the November 7, 2011 trial setting in this case. Because the parties agreed that 404(b) evidence will be disclosed one-month prior to trial, it appears that Wickens' 404(b) Motion is moot. To the extent that Wickens' 404(b) Motion is not moot, the Court notes that Wickens has not established any compelling reason for the Court to order the Government to disclose its 404(b) evidence sixty days prior to trial. As the

Government has noted, while the case itself might involve complex issues, there is no indication that any prior bad acts that Wickens may have engaged in are also complex. Thus, the Court will deny Wickens' 404(b) Motion.

**IT IS ORDERED THAT** Defendant Richard Wickens' Motion Under Giglio for Disclosure of Information Concerning Inducements, Incentives, Compensation or Other Assistance Provided to Government Witnesses, as well as all Information Necessary to Effectively Cross-Examine Government Witnesses (Doc. No. 27), Wickens' Motion for Discovery of Records or Reports and Facts or Data Underlying Expert Opinions (Doc. No. 29), Wickens' Motion for Preservation of "Rough Notes" and "Field Notes" (Doc. No. 30), and Wickens' Motion for Disclosure of Prior Acts Evidence (Doc. No. 31) are DENIED

*/s/ James A. Parker*
SENIOR UNITED STATES DISTRICT COURT JUDGE