# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

                                     No.     1:11-cr-00076-JAP

RICHARD WICKENS,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Resolution of Wickens' Motion for Bill of Particulars (Doc. No. 32) (Particulars Motion) requires the Court to consider the amount of detail in an indictment that will allow a defendant to become adequately informed of the charges against him so that he can prepare a defense to those charges and whether a large volume of discovery increases the need for a bill of particulars. Because the Court concludes that the Indictment (Doc. No. 1) filed against Wickens contains sufficient detail and that the voluminous discovery in this case does not necessitate a bill of particulars, Wickens' Particulars Motion should be denied.

## BACKGROUND

On March 17, 2011, Wickens filed his Particulars Motion. The Government filed its Response (Doc. No. 36) on March 31, 2011 and Wickens filed his Reply (Doc. No. 47) on April 21, 2011. In his Particulars Motion, Wickens notes that the Indictment alleges that Wickens "caused certain accounts to be added into RTPG's accounting program" and that the financial statements Wickens submitted to the bank "contained material omissions and misstatements." Wickens says that because the discovery contains over 8,000 pages, he is unable to precisely determine what accounts he is being charged with adding into the accounting program and what material omissions and misstatements he is being charged with making to the bank. Wickens

contends that he needs adequate notice of the conduct he is accused of engaging in so that he can prepare a defense.

In its Response, the Government argues that Wickens' Particulars Motion should be denied because the Indictment and the discovery provided to Wickens gives Wickens adequate notice of the charges against him. The Government also points out that the Indictment contains almost six pages of detailed background information setting forth the course of dealing between Wickens and Bank of Albuquerque that led to the charges. With respect to the fraud charges, the Government contends that the Indictment identifies the date that Wickens allegedly made a misstatement, the document containing that misstatement, and the exact representation in that document that is alleged to be fraudulent. And, with respect to the accounts receivable, the Government contends that Counts 5 and 6 of the Indictment identify the date of the misstatement, the nature of the false statement, the document on which the misstatement was made, and the exact dollar amount that Wickens allegedly falsely stated on his application for a bank loan. The Government contends that Wickens is only using his request for a bill of particulars to learn the precise evidence that the Government will use to prove its case—a practice that is prohibited. The Government also notes that it has provided Wickens over 8,000 pages of discovery that contains "myriad documents associated with [Wickens'] application for a line of credit . . . as well as summaries of FBI interviews with approximately 45 witnesses."

In his Reply, Wickens argues that the volume of discovery makes a bill of particulars more, not less, necessary. Wickens also contends that he is not requesting additional discovery through his Particulars Motion and that he is instead only requesting a "fair opportunity to prepare a defense, avoid surprise, and be able to assert" his double jeopardy rights. Reply at 3.

## DISCUSSION

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense. *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (quotation marks omitted). "A bill of particulars is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprise[s] the defendant of the charges to enable him to prepare for trial." *Id.* "The defendant is not entitled to notice of all the *evidence* the government intends to produce, but only the theory of the government's case." *Id.* (alteration marks omitted, emphasis in original). When an indictment "describe[s] the defendants' scheme in detail and provide[s] dates, places and the persons involved in various transactions" and when the government provides a defendant with "full discovery of the government's materials prior to trial," a bill of particulars is not necessary. *United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir. 1995).

There are two particular allegations in the Indictment that Wickens contends need to be clarified by a bill of particulars. The first is the allegation that Wickens "caused certain accounts receivable to be added into RTPG's accounting program." The second is the allegation that Wickens submitted statements to the bank that "contained material omissions and misstatements." Pages two through six of the Indictment set out in great detail the "scheme and artifice" that led to the charges in this case. Among other things, the Government alleges that in July 2006, Wickens "falsely informed representatives of the Bank that [Real Turf and Putting Greens] had $11 million in contracts with Albuquerque Public Schools" and that Wickens "knew that he did not have contracts with APS in this amount." The Indictment goes on to specify a number of individual allegedly fraudulent activities that Wickens engaged in to obtain a substantial line of credit from the bank. Given the lengthy summary of the "scheme and artifice"

that the Government included in the Indictment, the Indictment appears to sufficiently apprise

Wickens of the charges against him such that a bill of particulars is not necessary. While the

Government alleges in paragraph 8 that Wickens "caused certain accounts receivable to be added

into RTPG's accounting program," the Government later alleges that when a controller

"discovered the false entries in the accounts receivable described above . . . [t]he controller

confronted the defendant about these entries and removed them from RTPG's accounts

receivable." Indictment pg. 5, ¶ 13. The Government alleges that Wickens "was informed that,

as a result of the removal of the false entries, RTPG's accounts receivable were insufficient to

sustain the 1.1 millino line of credit" and that Wickens then "instructed that $1.7 million in

invoices for money supposedly due . . . be booked onto RTPG's accounts receivable . . . despite

[Wickens] knowledge that such invoices were false and fraudulent." *Id.* at ¶¶ 14-15. The

Government then alleges that Wickens was confronted about the contracts by the bank and that

Wickens subsequently submitted an amended borrowing base certificate to the bank that did not

include the amounts reflected in the fraudulent invoices. *Id.* at ¶17.

Contrary to Wickens' assertions, there is a significant amount of detail about the alleged

misrepresentations that Wickens made to the bank and sufficient information about the accounts

receivable from which Wickens could easily determine the precise accounts receivable that he

allegedly wrongfully included in his statements to the bank. The Indictment describes Wickens'

alleged scheme in detail and provides Wickens with adequate notice of the specific fraudulent

activity he allegedly engaged in. The Indictment identifies the general nature of the fraudulent

statements Wickens allegedly made and, in conjunction with the large volume of discovery that

the Government provided, Wickens can determine the exact statements that he allegedly made.

For example, by comparing the original statements he submitted to the bank with the amended

statements, Wickens can easily determine the accounts receivable that the Government alleges were fraudulently included since the Government has alleged that Wickens removed the fraudulent accounts receivable when he submitted the amended statement. Because the Indictment includes sufficient detail to allow Wickens to prepare his defense, the Court concludes that Wickens' Particulars Motion should be denied.

Wickens also argues that the volume of discovery that the Government has provided makes it impossible to determine exactly what acts and omissions the Government intends to rely on at trial. In support of this argument, Wickens cites a number of out-of-state authorities that suggest a bill of particulars may be more, not less, necessary when the government provides a large volume of discovery. However, the Tenth Circuit has explicitly rejected such an argument. In *Ivy*, the defendants argued that the district court erred in denying a motion for a bill of particulars because the "copious" amount of discovery made it difficult to determine the exact nature of the charges against the defendants. 83 F.3d at 1281. The Tenth Circuit rejected this argument, noting that "[b]y p[roviding complete discovery containing sufficient information to allow [the defendants] to prepare their defense, the goverment gave [the defendants] the tools necessary to anticipate and forestall any surprise that might have resulted from the indictment." *Id.* at 1282. The Tenth Circuit went on to explain that "[o]nce the government provided these tools, it was [the defendants] responsibility to use them in preparing their defense, regardless of whether the discovery was copious and the preparation of the defense was difficult." *Id.* Thus, the fact that the Government has provided Wickens with over 8,000 pages of discovery does not entitle Wickens to a bill of particulars. Instead, it is Wickens' responsibility to use the discovery in his defense, "regardless of whether the discovery [is] copious and the preparation of the defense [is] difficult." *Id.*

Because the Indictment has sufficient detail to allow Wickens to determine the exact nature of the charges against him, and because the volume of discovery does not require the Government to provide Wickens with a bill of particulars, Wickens' Motion for a Bill of Particulars will be denied.

**IT IS ORDERED THAT** Defendant Richard Wickens' Motion for Bill of Particulars (Doc. No. 32) is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT COURT JUDGE