**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

                                                No.    1:11-cr-00076-JAP

RICHARD WICKENS,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Prior to a hearing on a motion to suppress regarding the validity of a search warrant, the Government provided Defendant Richard Wickens with one page from a draft of the affidavit that was ultimately submitted in support of the warrant. Wickens now seeks to compel the Government to disclose the remainder of the draft affidavit. Concluding that the Government has no obligation to disclose the remainder of the draft to Wickens, the Court will deny Wickens' Motion to Compel.[1]

**BACKGROUND**

On March 17, 2011 Wickens filed a Motion to Suppress Evidence (Doc. No. 34), arguing that evidence obtained during a search of his business, Real Turf and Putting Greens (RTPG) should be suppressed because the FBI Agents who conducted the search of RTPG only obtained a warrant to search one of the two buildings that were ultimately searched. On May 24, 2011, the Court conducted an evidentiary hearing on Wickens' Motion to Suppress and, on August 9,

---

[1] On June 3, 2011 Defendant Richard Wickens filed a Motion to Compel Production of Partially-Disclosed Draft Application for Search Warrant (Motion to Compel) (Doc. No. 55). The Government filed its Response (Doc. No. 57) on June 10, 2011 and Wickens filed his Reply (Doc. No. 58) on June 24, 2011.

1

2011 the Court entered a Memorandum Opinion and Order (Doc. No. 63) denying Wickens' Motion to Suppress. Prior to the hearing, the Government provided Wickens with a copy of the first page of a draft affidavit that Agent John Fay, the FBI agent who obtained the warrant to search RTPG, had drafted. The description of the location to be searched contained in the draft affidavit differed from the description contained in the final affidavit that Agent Fay submitted to United States Magistrate Judge Scott in that while the final affidavit described the place to be searched as a green and white building, the draft affidavit described the place to be searched as a complex of green and white buildings.

## DISCUSSION

Wickens argues that the Government, having provided one page of the draft affidavit, is now obligated to provide the remainder of the draft for a number of reasons. Wickens contends that the draft affidavit is *Brady* material, that the draft affidavit must be disclosed under Rule 16(a)(1)(E), that the Government has waived any work-product privilege by disclosing part of the draft affidavit, and that the Court has discretion, even if the Government is not otherwise obligated to produce the remainder of the draft, to compel the draft's production.

Wickens contends that the draft affidavit contains *Brady* material because the remainder of the draft likely contains information about Agent Fay's knowledge that the RTPG buildings were located at multiple addresses—an issue that is clearly relevant to Wickens' Motion to Suppress. Wickens contends that because the first page of the draft affidavit described the RTPG premises, "it can reasonably be assumed that the remainder of the draft affidavit contains similar statements regarding the physical layout of the RTPG facility." Motion to Compel at 4. As the Government points out in its Response, however, based on the language of the final affidavit that was submitted to the Magistrate Judge, it is not reasonable to believe that the

remainder of the draft affidavit contains information that is relevant to Wickens' Motion to Suppress. As the Government notes, the only place that the premises to be searched is described in the final affidavit is on the first page. Thus, it is reasonable to believe that the draft affidavit similarly only described the premises to be searched on the first page. In addition, as the Government notes, the fact that the Government provided Wickens with a copy of the first page of the draft affidavit indicates that the Government has complied with its *Brady* obligations. Considering that the Government provided a page of the draft affidavit which directly relates to the issues that were relevant to Wickens' Motion to Suppress, and in light of the Government's repeated acknowledgment that it is cognizant of and intends to fully comply with its *Brady* obligations, the Court is satisfied that the Government has not withheld any *Brady* material contained in the draft affidavit. In the absence of any evidence that the Government has wrongfully withheld *Brady* material from Wickens, the Court disagrees with Wickens' contention that *Brady* requires the Government to disclose the entire draft affidavit to Wickens.

Wickens next argues that Rule 16(a)(1)(E)(i) requires the Government to disclose the draft affidavit to Wickens. Rule 16(a)(1)(E)(i) requires the Government to provide a defendant with documents that are "material to preparing the defense." In *United States v. Armstrong*, 517 U.S. 456, 462 (1996), the United States Supreme Court, addressing a previous, but nearly identical, version of Rule 16(a)(1)(E)(i) held that "'the defendant's defense' means the defendant's response to the Government's case in chief." The Supreme Court explained that the term "encompasses only the narrow[] class of 'shield claims,' which refute the Government's arguments that the defendant committed the crime charged." Clearly, the FBI's knowledge regarding the multiple addresses that comprised RTPG's business is not a "shield claim" that could be used to refute the Government's arguments that Wickens committed the crimes with

which he is charged as the address of RTPG has absolutely no bearing on whether Wickens is guilty of defrauding Bank of Albuquerque. Because the draft affidavit is not material to Wickens' response to the Government's case-in-chief, the Court concludes that Rule 16(a)(1)(E)(i) does not require the Government to disclose the draft affidavit to Wickens. To the extent the draft is relevant at all, it is only relevant to Wickens' Motion to Suppress and, as the Court has noted, the Government has already disclosed the portion of the draft affidavit that is relevant to Wickens' Motion to Suppress.

Even if Rule 16(a)(1)(E)(i) did apply to the draft affidavit, the Court would nevertheless conclude that the report is not discoverable as Rule 16(a)(2) protects the document from disclosure. Rule 16(a)(2) precludes a defendant from discovering "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Because the draft affidavit is an internal government document made by a government agent in connection with investigating the case, Rule 16(a)(2) is applicable. Wickens contends, however, that the Government waived the work-product privilege of Rule 16(a)(2) by disclosing the first page of the draft affidavit. Wickens correctly notes that a party "may waive work product protections if it takes actions that are inconsistent with the privilege, such as disclosure in an attempt to gain a strategic advantage in litigation." *United States ex. re. [Redacted] v. [Redacted]*, 209 F.R.D. 475, 480 (D. Utah 2001). Further, a party "cannot use the work product doctrine as a sword and a shield by selectively using the privileged documents to prove a point but then invoking the protections to prevent an opponent from challenging the assertion." *Frontier Refining, Inc. v. Gorman-Rupp, Inc.*, 136 F.3d 695 (10th Cir. 1998).

Here, however, the Government has not used the first page of the draft affidavit "to gain

4

a strategic advantage" or as a "sword." In fact, it was Wickens, not the Government, who utilized the draft affidavit in an attempt to prove that Agent Fay knew, prior to obtaining the warrant, that RTPG occupied multiple addresses. While the Government may have indicated its intent to introduce the first page of the draft affidavit in a letter to Wickens, the Court concludes that even if the Government had introduced the first page of the draft affidavit it would not have been using the page as a "sword" because the page was arguably favorable to Wickens, not the Government. Thus, the Government would not have gained any "strategic advantage" by introducing the first page of the draft affidavit and the remainder of the draft is therefore protected by Rule 16(a)(2). *See Frontier*, 136 F.3d at 704 (noting that a party "did not use the work product as a sword and is not, therefore, prohibited from shielding the material from discovery).

Wickens also contends that the Goverment waived the protections of Rule 16(a)(2) because the Government acted inconsistently with protecting priviliged materials. Wickens cites a Fifth Circuit Court of Appeals case, *United States v. Mann*, 61 F.3d 326, 331 (5th Cir. 1995), where the government was found to have *not* waived its Rule 16(a)(2) privilege, even though the government had provided the protected documents to the defendants, because the government had placed an express condition on the defendants' use of the documents. When the defendants breached that condition, the Fifth Circuit held, the "parties returned to the *status quo ante*" and the government was free to reassert its Rule 16(a)(2) privilege. *Id.* Wickens contends that because "the Government took no similar actions, either express or implied, that would suggest a desire to maintain Rule 16(a)(2) protections to the draft affidavit," the Government has not acted consistently with the privilege. Contrary to Wickens' assertion, the Government did take both express and implied actions to protect the content of the draft affidavit—declining to disclose the

contents of anything but the first page. While the government in *Mann* provided the defendants with a copy of the entire privileged document, subject to conditions, the Government here only provided Wickens with a single page of an otherwise privileged document. Had the Government disclosed the entire document, then the Government could be said to have acted inconsistently with Rule 16(a)(2)'s protections. However, the fact that the Government only disclosed a single page indicates that the Government has acted consistently with Rule 16(a)(2)'s protections and has not abandoned any privilege to withhold the complete draft.

Wickens next makes the absurd argument that the draft affidavit is also discoverable under Rule 16(a)(1)(E)(iii) which requires the Government to permit a defendant to inspect an "item [that] was obtained from or belongs to the defendant." Despite the fact that the draft affidavit is a document that was produced by Agent Fay, Wickens contends that the draft was essentially obtained from Wickens because "it can be assumed that the entire draft affidavit was created (and thus 'obtained') from belongings of the Defendant, including observation of the Defendant's business facilities." Motion to Compel at 5-6. The Court finds Wickens' argument that an FBI agent's report —which is based on observations of Wickens' business—somehow belongs to Wickens to be absurd. There is simply no authority for this assertion, and it defies logic to conclude that merely because a document is based on an observation of a defendant, that document has been "obtained from" a defendant or somehow "belongs to" the defendant. Under Wickens' logic, any report that in any way relates to Wickens "belongs" to Wickens because it was produced as a result of an observation of Wickens or of something that Wickens did.

Finally, Wickens argues that the Court should compel the Government to disclose the draft affidavit by exercising its discretion to "order broader discovery." Wickens, however, has not provided the Court with any compelling reason why the remainder of the affidavit should be

disclosed. Because the Court accepts the Government's assertion that there is nothing in the remainder of the draft affidavit that relates to Agent Fay's knowledge of RTPG's addresses, the Court concludes that there is no reason to compel disclosure of the remainder of the document. Thus, Wickens' Motion to Compel will be denied.

IT IS ORDERED THAT Defendant Richard Wickens Motion to Compel Production of Partially-Disclosed Draft Application For Search Warrant (Doc. No. 55) is DENIED.

_____
SENIOR UNITED STATES DISTRICT COURT JUDGE