IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

 Plaintiff,

vs.                 No. 1:11-cr-00076-JAP

RICHARD WICKENS,

 Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENSE COUNSEL'S MOTION TO WITHDRAW AS PRIVATELY
RETAINED COUNSEL AND APPOINTING PETER SCHOENBURG UNDER THE
CRIMINAL JUSTICE ACT TO REPRESENT DEFENDANT**

 The law firm of Rothstein, Donatelli, Hughes, Dahlstrom, Schoenburg & Bienvenu, LLP, by attorney Peter Schoenburg, moves the Court to permit Mr. Schoenburg to withdraw as counsel of record for Defendant Richard B. Wickens and to appoint substitute counsel under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A. As grounds for his motion to withdraw, Mr. Schoenburg states that he is no longer being paid for his representation of Defendant Wickens. The government opposes the motion to withdraw and argues that a defendant's inability to pay legal fees is an insufficient basis to permit an attorney to withdraw as counsel.

 On August 19, 2011, the Court held a hearing on the motion to withdraw. Present at the hearing were Assistant United States Attorney John Anderson and Assistant United States Attorney Fred Federici on behalf of the government, Mr. Schoenburg on behalf of Defendant Wickens, and Defendant Wickens, personally. The Court has considered the briefing, letters, and documentation submitted by the parties and concludes that the MOTION FOR DEFENSE

1

COUNSEL TO WITHDRAW AND FOR SUBSTITUTION OF COUNSEL[1] should be granted on the condition that Mr. Schoenburg be appointed CJA counsel to represent Defendant Wickens.[2]

**FACTS**

In March 2007, Mr. Schoenburg agreed to represent Defendant Wickens in connection with an FBI investigation into a line of credit Defendant Wickens had obtained from the Bank of Albuquerque. At the outset of the representation, Defendant Wickens signed a PROFESSIONAL SERVICES CONTRACT in which he agreed to pay an initial retainer of $25,000 and any legal fees in excess of the retainer, billed monthly. Under the 2007 contract, Mr. Schoenburg's law firm billed a total of 533.4 hours and collected a total of $118,286.29 in fees, expenses, and costs. According to Mr. Schoenburg, Defendant Wickens' father, Richard "Dick" L. Wickens, paid all fees, expenses, and costs incurred between January 1, 2008, and January 1, 2011, except for one payment of $33.93.

On January 12, 2011, the government filed an indictment against Defendant Wickens, charging him with bank fraud and making false statements in connection with a loan application. On January 27, 2011, Defendant Wickens executed a second PROFESSIONAL SERVICES

---

[1]Mr. Schoenburg filed the MOTION FOR DEFENSE COUNSEL TO WITHDRAW AND FOR SUBSTITUTION OF COUNSEL (Doc. No. 67) on August 16, 2011. The government filed its RESPONSE (Doc. No. 68) on August 18, 2011, and Mr. Schoenburg filed a REPLY (Doc. No. 71) on August 19, 2011.

[2]On September 16, 2011, the Court held a hearing on DEFENDANT'S OPPOSED MOTION TO VACATE PRE-TRIAL AND TRIAL SETTINGS (Doc. No. 75). Present at the hearing were Assistant United States Attorney John Anderson on behalf of the government and Mr. Schoenburg on behalf of Defendant Wickens. At the hearing, the parties agreed to the resolution described by the Court of the MOTION FOR DEFENSE COUNSEL TO WITHDRAW AND FOR SUBSTITUTION OF COUNSEL (Doc. No. 67).

CONTRACT under which Mr. Schoenburg and his law firm agreed to defend Defendant Wickens against the allegations in the indictment. Defendant Wickens' father, Dick Wickens, signed the contract as guarantor and agreed to pay an initial retainer of $50,000 as well as any legal fees in excess of the retainer, billed monthly. Between January 27, 2011, and August 23, 2011, Mr. Schoenburg's law firm billed a total of 623.2 hours and $116,140.50 in fees, and Dick Wickens paid a total of $100,000 toward his son's account. On August 2, 2011, Dick Wickens informed Defendant Wickens and Mr. Schoenburg that he would no longer fund his son's defense or serve as guarantor under the 2011 contract. As of August 26, 2011, Mr. Schoenburg asserts that Defendant Wickens had accumulated approximately $68,000 in unpaid legal expenses. Because Defendant Wickens cannot fund his criminal defense, Mr. Schoenburg asks the Court to permit his withdrawal from the representation and to appoint substitute counsel for Defendant Wickens under the CJA.

## DISCUSSION

The initial question before the Court is whether Defendant Wickens' inability to pay for his defense justifies an order permitting Mr. Schoenburg to withdraw from the case. *See* D.N.M. LR-Cr. 44.1(f) ("Withdrawal or substitution of counsel must be by motion and order."). Other federal courts considering this issue have concluded that "[n]on-payment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation." *United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006) (quotation marks and citation omitted); *see United States v. Herbawi*, 913 F. Supp. 170, 172 (W.D.N.Y. 1996) (noting that "[t]he withdrawal of retained counsel solely because the retained client fails to honor a fee agreement has been criticized" by federal courts); *United States v. Rodriguez-Baquero*, 660 F. Supp. 259, 261 (D. Me. 1987) (denying privately-retained counsel's motion to withdraw because the only

reason advanced for withdrawal was counsel's poor business decision "in accepting employment by and appearing for the [d]efendant"); *Danvers Savings Bank v. Cuddy* (*In re Cuddy*), 322 B.R. 12, 17 (Bankr. D. Mass. 2005) ("An attorney who undertakes to represent a client assumes obligations toward his client which are not excused merely because the client is unable to pay fees demanded by the attorney.").

Moreover, having entered his appearance in this case, Mr. Schoenburg has professional obligations to Defendant Wickens and the Court. New Mexico attorneys are bound by New Mexico Rules of Professional Conduct when practicing in federal court in New Mexico. *See* D.N.M. LR-Cr. 57.2 ("In all criminal proceedings, attorneys will comply with the Rules of Professional Conduct adopted by the Supreme Court of the State of New Mexico, unless modified by local rule or Court order."). The New Mexico Rules of Professional Conduct provide that, under certain circumstances, "a lawyer may withdraw from representing a client if: (1) withdrawal can be accomplished without material adverse effect on the interests of the client." Rule 16-116(B)(1) NMRA; *see State v. Young*, 2007-NMSC-058, ¶ 22, 143 N.M. 1, 172 P.3d 138 (noting that the trial court could not allow counsel to withdraw "because withdrawal would have 'material adverse effect on the interests of the client.'" (quoting Rule 16-116)). Before withdrawing from representation, "[a] lawyer must comply with applicable law requiring notice to or permission of a tribunal," and "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Rule 16-116(C).

A number of policy considerations also weigh in favor of requiring an attorney who has entered an appearance in a criminal case to follow through with the representation of the defendant regardless of compensation issues. "The delays necessary to allow substituted counsel

an adequate opportunity to familiarize themselves with their client, investigate the facts of the case, explore possible defenses to the charges and generally 'get up to speed' on the proceedings can frustrate efforts to achieve the prompt and efficient administration of justice in criminal cases." *Herbawi*, 913 F. Supp. at 171. In March 2007, Mr. Schoenburg began representing Defendant Wickens in regard to potential charges and continued representing Defendant Wickens after he was indicted in January 2011. Mr. Schoenburg and his law firm have completed approximately 1,156 hours of work in representing Defendant Wickens thus far. Defendant Wickens' case involves factually-intensive financial fraud allegations, and the government has produced approximately 8,000 pages of digital discovery and made available for inspection approximately eight additional boxes of material. *Cf. United States v. Gordon*, No. 09-CR-13-JHP, 2010 U.S. Dist. LEXIS 10810, at *7, *12 (N.D. Okla. Feb. 8, 2010) (denying counsel's motion to withdraw where counsel had "accumulated extensive knowledge of both the facts and pertinent law" over the course of several years in a complex case). Additionally, the attorney-client relationship between Defendant Wickens and Mr. Schoenburg has not disintegrated, and Defendant Wickens has informed the Court that he does not wish to change counsel. *Cf. United States v. Stein*, 488 F. Supp. 2d 370, 372-73 (S.D.N.Y. 2007) (noting that the relationship between attorney and client was not irreparable despite the acrimony caused by the client's failure to comply with a retainer agreement).

Allowing Mr. Schoenburg to withdraw would prejudice Defendant Wickens, the interests of justice, and judicial economy. But the Court is sympathetic to the burden that continued representation will place on Mr. Schoenburg and his law firm. Mr. Schoenburg and his law firm undertook the representation with an understanding that Defendant Wickens or his father would compensate the firm for legal work completed on behalf of Defendant Wickens. Mr. Schoenburg

estimates that if his motion to withdraw is denied his law firm will spend approximately 1,120 additional hours representing Defendant Wickens through the conclusion of a three-week trial. However, in light of Mr. Schoenburg's "familiarity with the case, the importance of continuity of representation, and the potential delay if new counsel is appointed," *Parker*, 439 F.3d at 99 n.17, the Court concludes that Mr. Schoenburg should be allowed to withdraw as retained counsel on the condition that he be appointed as Defendant Wickens' counsel under the CJA. Under the CJA, 18 U.S.C. § 3006A(c), "[i]f at any stage of the proceedings, . . . the court finds that the [defendant] is financially unable to pay counsel whom he had retained, it may appoint counsel as provided in subsection (b) and authorize payment as provided in subsection (d), as the interests of justice may dictate." Defendant Wickens already has been approved for appointed counsel under the CJA, and Mr. Schoenburg currently serves on the panel of CJA attorneys for the District of New Mexico. The interests of justice dictate that the Court appoint Mr. Schoenburg to represent Defendant Wickens since Mr. Schoenburg wishes to withdraw as retained counsel.

**IT IS ORDERED THAT:** (1) the MOTION FOR DEFENSE COUNSEL TO WITHDRAW AND FOR SUBSTITUTION OF COUNSEL (Doc. No. 67) is granted on the condition that Peter Schoenburg serve as appointed counsel for Defendant Wickens under the Criminal Justice Act; (2) the law firm of Rothstein, Donatelli, Hughes, Dahlstrom, Schoenburg & Bienvenu, LLP, is permitted to withdraw as counsel for Defendant Wickens; and (3) Peter Schoenburg is appointed under the Criminal Justice Act as counsel for Defendant Wickens.

_____
SENIOR UNITED STATES DISTRICT COURT JUDGE